NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SAGUARO HEALING, LLC, *Plaintiff/Appellant*,

*v.*

STATE OF ARIZONA, et al., *Defendants/Appellees*.

No. 1 CA-CV 22-0614

FILED 10-01-2024

Appeal from the Superior Court in Maricopa County
No. CV2017-054686
The Honorable Alison S. Bachus, Judge, *(Retired)*
The Honorable Michael D. Gordon, Judge

**AFFIRMED**

COUNSEL

Clark Hill PLC, Scottsdale
By Ryan J. Lorenz, Sean M. Carroll
*Counsel for Plaintiff/Appellant*

Sherman & Howard L.L.C., Phoenix
By Gregory W. Falls, Craig A. Morgan, Matthew A. Hesketh,
Jake Tyler Rapp
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Andrew M. Jacobs joined.

---

**C R U Z**, Judge:

**¶1**          Saguaro Healing LLC ("Saguaro") appeals the superior court's August 2022 order finding that a 2021 judgment remanding to ADHS to issue a medical marijuana dispensary registration certificate for a La Paz County dispensary was fully satisfied. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**          Under the Arizona Medical Marijuana Act ("AMMA"), Arizona Revised Statutes ("A.R.S.") sections 36-2801 to -2822, an individual or entity must apply to ADHS for a dispensary registration certificate before ADHS may approve the individual or entity to operate a dispensary. Ariz. Admin. Code ("A.A.C.") R9-17-304(C)-(D), -305(A). ADHS may only issue a limited number of certificates. A.R.S. § 36-2804(C). Each year, it is directed to review current valid dispensary certificates to determine if it may issue additional dispensary registration certificates pursuant to A.R.S. § 36-2804(C). A.A.C. R9-17-303(A).

**¶3**          In 2016, ADHS determined it could issue new registration certificates and announced it would accept applications between July 18 and July 29, 2016. *Saguaro Healing LLC v. State*, 249 Ariz. 362, 363, ¶ 4 (2020). Saguaro applied for a certificate and indicated its dispensary would be located in La Paz County. *Id.* During the application period, the only dispensary operating in La Paz County left the county. *Id.* at ¶ 5. When ADHS did not issue a certificate to Saguaro or any other applicant, Saguaro filed a special action complaint in superior court seeking a declaratory judgment. Specifically, Saguaro sought a judgment holding that ADHS violated A.A.C. R9-17-303 by failing to award a certificate to Saguaro or any other qualified applicant in La Paz County. Saguaro asked the superior court to order ADHS to (1) review the July 2016 applications to determine whether there were competing applications, and (2) award a certificate to Saguaro or one of the competing applicants in accordance with Arizona law.

¶4            The superior court granted ADHS' motion to dismiss the complaint.   Saguaro appealed, and this court affirmed.   Saguaro successfully petitioned for review, and our supreme court held that A.R.S. § 36-2804(C) required ADHS to issue at least one medical marijuana dispensary registration certificate in each county with a qualified applicant, and it had failed to do so in La Paz County.  *Saguaro Healing*, 249 Ariz. at 363, 366, ¶¶ 1, 4, 23.  The Court remanded to the superior court for further proceedings.  *Id.* at ¶ 23.

¶5            In November 2021, the superior court remanded the case to ADHS for further administrative proceedings for ADHS to issue a "registration certificate consistent with the Arizona Supreme Court's [opinion] in *Saguaro Healing*, . . . under the applicable statutes and rules in effect on October 6, 2016, after having considered applications submitted for potential dispensaries in La Paz County between July 18, 2016 and July 29, 2016."  No party appealed the November 2021 judgment.

¶6            On remand, ADHS analyzed the three applications submitted during the relevant time period that were eligible to be considered for the La Paz County medical marijuana dispensary registration certificate and awarded the certificate to Sherry Dunn, LLC, the highest scoring applicant. In February 2022, ADHS filed a notice of compliance[1] in the superior court indicating it had awarded a marijuana dispensary registration certificate.

¶7            Saguaro opposed the notice of compliance and moved to compel ADHS to produce documentation proving it had properly issued the dispensary certificate in compliance with the laws and regulations in effect in 2016.  ADHS opposed the motion to compel, relying on the AMMA confidentiality provision.  *See* A.R.S. 36-2810(A).  The superior court granted the motion to compel in part, ordering ADHS to submit the requested documents to the court for an *in camera* review.

---

[1]       The parties treated ADHS' notice of compliance as a motion for relief from judgment as satisfied under Arizona Rule of Civil Procedure 60(b)(5).

**¶8**     ADHS submitted a thumb drive containing six documents to the superior court ex parte for *in camera* inspection.[2]  In August 2022, after reviewing the documents, the superior court found that ADHS had complied with the court's order on remand.  The court concluded:

> After reviewing the documents, the Court finds ADHS complied with the administrative rules and statutes that were in effect on October 6, 2016 in its December 2021 allocation process.  The court further finds that ADHS considered the applications submitted for potential dispensaries in La Paz County between July 18, 2016 and July 29, 2016.  The Court further finds that ADHS issued its certificate [to Sherri Dunn, LLC] consistent with the Arizona Supreme Court's Opinion in *Saguaro Healing, LLC v. State*, 249 Ariz. 362 (2020).

**¶9**     Saguaro appealed.  About a month after filing its notice of appeal, Saguaro filed a motion in the superior court requesting the court to unseal the ex parte documents and the superior court's sealed minute entry order.  The superior court denied the motion in January 2023 and filed its minute entry order under seal.

**¶10**     We stayed Saguaro's appeal after it filed a special action in this court seeking relief from the superior court's January 2023 order denying its request to unseal the ex parte documents.  In *Saguaro Healing, LLC v. Bachus*, 255 Ariz. 505, 508-09, ¶¶ 12-14 (App. 2023), we accepted special action jurisdiction and granted relief in part, ordering the superior court to unseal the two sealed minute entries and any ex parte documents not subject to the confidentiality protections of A.R.S. § 36-2810(A).  The superior court did so, and we lifted the stay in this appeal.  We have jurisdiction pursuant to A.R.S. § 12-2101(A)(2).

---

[2]     The documents included (1) the rules and statutes applied by ADHS in its December 2021 allocation process- "Relevant 2016 AMMA Statutes and Rules;" (2) the scoring rubric used by ADHS during the December 2021 allocation process, as specified in A.A.C. § R9-17-303(B)(1)(b); (3) the number of applicants considered in the 2021 allocation process (three); (4) the 2016 applications of Sherry Dunn, LLC, Saguaro, and the third applicant plus documents obtained by ADHS in its due diligence process and maps and notes made as part of that process; (5) each applicant's score; and (6) the certificate issued to Sherri Dunn, LLC.

**DISCUSSION**

**¶11**      As a preliminary matter, ADHS argues its decision to allocate the dispensary certificate to Sherri Dunn, LLC was a discretionary act not subject to mandamus relief.  Saguaro's special action complaint in the superior court did not seek the issuance of a writ of mandamus pursuant to A.R.S. § 12-2021.   Nor was ADHS' mandamus argument properly developed in the superior court.  *See Mathews ex rel. Mathews v. Life Care Ctrs. of Am., Inc.*, 217 Ariz. 606, 611, ¶ 23 (App. 2008) (declining to address arguments that "were not the basis of the trial court's ruling and were either not raised or not fully developed before the trial court.").

**¶12**      Saguaro argues the superior court abused its discretion by finding that ADHS complied with its judgment on remand.  According to Saguaro, the court erred because "ADHS selected an applicant for the dispensary certificate without proof that the applicant had the most medical marijuana cardholder patients within a ten-mile radius."

**¶13**      We review the superior court's determination of whether a judgment is satisfied for an abuse of discretion.  *City of Phoenix v. Geyler*, 144 Ariz. 323, 328 (1985).   "The interpretation of statutes and regulations presents a question of law we review de novo."   *Compassionate Care Dispensary, Inc. v. Ariz. Dep't of Health Servs.*, 244 Ariz. 205, 211, ¶ 17 (App. 2018).  This court is "free to draw  [its] own legal conclusions in determining if the agency properly interpreted the law." *Sharpe v. Ariz. Health Care Cost Containment Sys.*, 220 Ariz. 488, 494, ¶ 18 (App. 2009) (citations and internal quotation marks omitted).   "We may affirm the trial court's ruling if it is correct for any reason apparent in the record." *Forszt v. Rodriguez*, 212 Ariz. 263, 265, ¶ 9 (App. 2006).

**¶14**      The scoring rubric ADHS used for allocating the dispensary certificate was the rubric set forth in A.A.C. R9-17-303(B)(1), the applicable regulation in 2016, which provided, in relevant part:

> b.   If more than one dispensary registration certificate application for a dispensary located in the county is received, the Department shall prioritize and allocate a dispensary registration certificate to an applicant whose proposed dispensary location will provide dispensary services to the most qualifying patients based on:
>
> i.   The number of registry identification cards issued to qualifying patients who reside within 10 miles of the applicant's proposed dispensary location, and

ii. The number of dispensaries operating within 10 miles of the applicant's proposed dispensary location.

"For purposes of subsection (B), '10 miles' includes the area contained within a circle that extends for 10 miles in all directions from a specific location." A.A.C. R9-17-303(C).

¶15      Saguaro acknowledges that the "winner" of the dispensary certificate should have been the applicant with the most cardholder patients within a ten-mile radius of its proposed dispensary location. It first argues that ADHS misinterpreted A.A.C. R9-17-303(B)(1) by counting the existing dispensary that relocated out of La Paz County during the application period as a second dispensary operating within the ten-mile radius of Saguaro's proposed dispensary, thereby cutting its score in half.

¶16      Here, ADHS applied A.A.C. R9-17-303(B)(1)'s scoring rubric to each of the 750 applications it received during the 2016 application period, including the three La Paz County applications. It hired a professional mapping company to determine the number of qualifying patients residing within ten miles of each proposed dispensary based on the patients' addresses. If, and only if, there was a dispensary operating within the proposed dispensary's ten-mile radius, ADHS then divided the number of patients by the number of dispensaries, resulting in a "net" rubric score.

¶17      Based on the number of qualifying patients within ten miles, Sherri Dunn, LLC received a gross score of 93, while Saguaro and the third applicant each received a gross score of 52. If the only dispensary operating in La Paz County had not left the county during the application period, Saguaro's gross score would have been further lowered to 26, because as the ten-mile map indicated, the departing dispensary was located within ten miles of Saguaro's proposed dispensary. The record reflects, however, that on remand, ADHS considered only the gross scores of the applicants. Although the 2022 minute entry incorrectly stated that Saguaro would not have been the only dispensary within its ten-mile radius, the fact remains that Saguaro's gross score of 52 was significantly lower than Sherri Dunn, LLC's gross score of 93. Under ADHS regulations, the highest score was the winner. *See* A.A.C. R9-17-303(B)(1).

¶18      Saguaro further argues the ten-mile radius maps of the three applicants' proposed locations ADHS provided to the superior court for *in camera* review failed to show plot points of cardholder addresses, and thus the superior court had no evidence supporting ADHS' figures. The maps

were part of the three applications submitted to the court on a thumb drive for *in camera* review. Although the plot points are difficult to see, they are not invisible. Either way, the outcome here does not turn on counting plot points. The record shows that ADHS' data indicated there were 93 qualifying patients within a ten-mile radius of Sherri Dunn, LLC's proposed dispensary location and only 52 qualifying patients within a ten-mile radius of Saguaro's and the third applicant's proposed dispensary locations. Because substantial evidence supported the superior court's determination that the November 2021 judgment was satisfied after ADHS awarded the La Paz County dispensary certificate to Sherri Dunn, LLC, Saguaro has shown no abuse of discretion.

¶19 Saguaro requests costs pursuant to A.R.S. § 12-341 and attorneys' fees pursuant to A.R.S. § 12-348(A)(4), (7). Because it is not the prevailing or successful party in this appeal, we deny the request.

## CONCLUSION

¶20 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AGFV